J-S58027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES DEBLOIS, | |
| Appellant | No. 860 MDA 2017 |

Appeal from the PCRA Order April 25, 2017
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-MD-1000506-1981

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 12, 2017**

Appellant, Charles DeBlois, appeals *pro se* from the order entered on April 25, 2017, that denied his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In its Pa.R.A.P. 1925(a) opinion, the PCRA court provided the following factual background of this case:

> On September 21, 1981, [Appellant] and two co-defendants, Phyllis Krout and Jared Parsons, were convicted by a jury of first-degree murder in the death of George Krout, Sr.  On September 29, 1981, the penalty phase of the trial was held and [on February 28, 1983, Appellant was sentenced to a term of] life in prison without parole….
>
> [Appellant] appealed his conviction to the Pennsylvania Superior Court, which affirmed his conviction on April 28, 1986. On November 18, 1986, the Pennsylvania Supreme Court declined to review [Appellant's] case. [Appellant] did not seek an appeal to the United States Supreme Court.

- 1 -

On August 27, 2012, [Appellant] filed [his third] petition pursuant to the PCRA. On October 24, 2012, the Court filed a Notice [of intent to dismiss] [p]ursuant to PA Rule of Criminal Procedure 907. On November 20, 2012, the Court issued an order denying [Appellant's] petition for relief. On December 24, 2012, [Appellant] filed a Notice of Appeal to the Pennsylvania Superior Court. On July 9, 2013, the Superior Court affirmed the PCRA Court's decision to dismiss the petition finding that the petition was untimely pursuant to 42 Pa.C.S.A. § 9545(b)(1) and [Appellant] did not prove one of the three exceptions that would overcome the time bar. (See 2246 MDA 2012)

On March 2[2], 2016,[1] [Appellant] filed another petition pursuant to the PCRA, essentially raising the same issues he raised in his 2012 petition and which were also addressed by the Superior Court on appeal. (2246 MDA 2010). On May 3, 2016, [Appellant] filed an amended petition. On April 3, 2017, the Court filed its Notice Pursuant to PA Rule of Criminal Procedure 907 denying the petition as untimely and not meeting any of the exceptions. On April 25, 2017, the Court issued an order denying [Appellant's] petition for post-conviction relief. On May 26, 2017, [Appellant] filed a Notice of Appeal to the Superior Court and [Pa.R.A.P. 1925(b)] Statement of [Errors] Complained of on Appeal.

PCRA Court Opinion, 7/11/17, at 1-3.

On appeal, Appellant raises the following issues:

I. Was not the PCRA court's denial/dismissal based on a miscalculation of the time within which to file [Appellant's] Amended PCRA?

_____

[1] Appellant's PCRA petition was docketed in this Court on March 29, 2016, but the petition itself reveals that it was dated March 22, 2016, and postmarked March 24, 2016. Pursuant to the "prisoner mailbox rule," a document is deemed filed when it is placed in the hands of prison authorities for mailing. **Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006). Therefore, we will deem Appellant's underlying PCRA petition filed on March 22, 2016.

II. Was not the [Appellant's] argument based upon a logical and scientific conclusion that is the basis for an extension of the Roper, Miller, Montgomery line of cases?

III. Is not the court below possessed of inherent, statutory and constitutional powers that grants it jurisdictional and "unlimited original jurisdiction of all actions and proceedings"? 42 Pa.C.S.A §931(a).

IV. Is not the trial[] court bound by his Oath, and subject, therefore, to the provisions of the Pa. and U.S. Constitutions, whereby citizens may raise and present issues which are of arguable merit for the development of the law?

Appellant's Brief at iii.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Before we may reach the merits of the issue presented, we must first address whether Appellant satisfied the timeliness requirements of the PCRA. A PCRA petition "including a second or subsequent petition, shall be

filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013).

The trial court sentenced Appellant to a term of life in prison without the possibility of parole on February 28, 1983. Appellant filed a direct appeal to this Court, and we affirmed Appellant's judgment of sentence. ***Commonwealth v. DeBlois***, 512 A.2d 724, 87 Harrisburg 1983 (Pa. Super. filed April 28, 1986) (unpublished memorandum). On November 18, 1986 our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. DeBlois***, ____ A.2d ____, 125 M D Allocatur Docket 1986 (Pa. 1986). Pursuant to 42 Pa.C.S. § 9545(b)(1) and (3), and the then-applicable U.S.Sup.Ct.R. 20.1,[2] Appellant's judgment of sentence became

---

[2] At the time in question, November 18, 1986 through January 19, 1987, the Rules of the United States Supreme Court provided sixty days in which to file a petition for a writ of *certiorari* under the former rule, U.S.Sup.Ct.R. 20.1. Since that time, the rule for filing a petition for writ of *certiorari* has been renumbered and the time-period changed to ninety days under the current rule, U.S.Sup.Ct.R. 13.

final sixty days later on Monday, January 19, 1987,[3] when the time in which to file a petition for a writ of *certiorari* to the Supreme Court of the United States expired. Thus, in order for Appellant's petition to be considered timely under the PCRA, Appellant was required to file the PCRA petition on or before January 19, 1988. Appellant's March 29, 2016 petition, and the May 3, 2017 amendment thereto, are patently untimely.[4]

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii),

_____

[3] Because the sixtieth day of the appeal period, January 17, 1987, fell on a Saturday, Appellant had until Monday, January 19, 1987, to petition for a writ of *certiorari*. **See** U.S.Sup.Ct. Rule 30 (computation and extension of time); **see also** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation); **Commonwealth v. Green**, 862 A.2d 613, 618 (Pa. Super. 2004).

[4] The PCRA provides that where a petitioner's judgment of sentence became final on or before January 16, 1996, the effective date of the 1995 amendments to the PCRA, a special grace *proviso* allows **first** PCRA petitions to be filed on or before January 16, 1997. **See Commonwealth v. Alcorn**, 703 A.2d 1054, 1056-1057 (Pa. Super. 1997) (emphasis added) (explaining the application of the grace period). Here, Appellant's judgment of sentence became final before the effective date of the amendments, but Appellant did not file the instant petition prior to January 16, 1997. Moreover, the grace period does not apply to second or subsequent petitions, and Appellant's petition, his fourth, was untimely regardless of the grace *proviso*. **Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002).

and (iii), is met.[5]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Here, Appellant attempts to invoke a retroactive constitutional right based on the holdings in *Miller v. Alabama*, 567 U.S. 460 (2012), which was decided June 25, 2012, and *Montgomery v. Louisiana*, ___ U.S. ___, 136 S.Ct. 718 (2016), which was decided on January 25, 2016.  Appellant's Brief at 2.  In *Miller*, the Supreme Court of the United States held that

_____

[5] The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

mandatory sentences of life in prison without the possibility of parole for juveniles was unconstitutional, and in *Montgomery*, the Court held that the holding in *Miller* was substantive for purposes of retroactive application. *Montgomery*, ___ U.S. at ___, 136 S.Ct. at 736.[6]

Appellant's PCRA petition was filed on March 22, 2016, which is within sixty days of January 25, 2016, the date on which *Montgomery* was filed. However, Appellant's argument is fatally flawed because the holding in *Miller* applies only to juveniles. *Miller*, 567 U.S. at 480. Appellant was twenty years old when he committed the underlying murder.[7] Therefore, Appellant was an adult, and the retroactive application of *Miller* is of no moment as it does not apply to Appellant.

In conclusion, Appellant's petition was filed nearly thirty years after his judgment of sentence became final, no exceptions to the filing requirements of the PCRA apply, and the PCRA court did not err in denying Appellant's petition as untimely. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398

_____

[6] Appellant also cites *Roper v. Simmons*, 543 U.S. 551 (2005), wherein the Supreme Court held that the Eighth and Fourteenth Amendments to the United States Constitution prohibited the death penalty for offenders who were under the age of eighteen when they committed their crimes. As this is not a capital case, *Roper* is relevant only insofar as the *Miller* Court cited *Roper* for the proposition that "children are constitutionally different from adults for purposes of sentencing." *Miller v. Alabama*, 567 U.S. 460, 471 (2012) (citing *Roper*, 543 U.S. at 569).

[7] The record reflects that Appellant was born on July 10, 1960, and the murder occurred on February 26, 1981. Criminal Complaint, 2/27/81.

(Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2017